FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2015 JUL -1  P 12: 43

US DISTRICT COURT
HARTFORD CT

Jeff Schuman

v.

Aetna Life Insurance Company;
Ahold USA, Inc. Master Welfare Benefit Plan;
Plan Administrator, Administrative Committee of
Ahold USA, Inc.

June 26, 2015

3:15CV 1006 (SRU)

## COMPLAINT

Plaintiff, Jeff Schuman ("Schuman") brings this action against Aetna Life Insurance Company ("Aetna"), Ahold USA, Inc. Master Welfare Benefit Plan ("Plan"); Plan Administrator, Administrative Committee of Ahold USA, Inc., ("Plan Administrator") (collectively referred to as "defendants") for violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001, et seq. ("ERISA"). Schuman is a participant in the Long Term Disability Plan ("LTD"), an ERISA welfare benefit plan that is underwritten and administered by Aetna.

This Complaint alleges the following violations of ERISA: 1) Defendants' unlawful termination of Schuman's Plan benefits without substantial evidence supporting its decision; 2) Defendants' unjustified disregard of the opinions of Schuman's vocational consultant in an attempt to deprive him of the Plan benefits he is due; and 3) Defendants' misrepresentation as to Plan terms; and 4) failure to provide a reasonable claims procedure that would grant Schuman a full and fair review of his claim for benefits.

1

Schuman is filing this action to recover benefits under the Plan, to enforce the present rights existing therein, to reform the Plan to provide for the promised 24 months of own occupation benefits, to clarify rights under the terms of the Plan, and to recover costs, attorney's fees and penalties as provided by ERISA.

1.  This action is brought pursuant to ERISA, 29 U.S.C. §1001, et seq.

2.  The jurisdiction of the Court arises under ERISA, §502(e)(2) and (f), 29 U.S.C. §1132 (e)(2) and (f) without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

3.  Venue lies in this District under the provisions of 28 U.S.C. §1391(b) and (c) and 29 U.S.C. §1132.

4.  The plaintiff, Jeff Schuman, is a resident of West Hartford, Connecticut. He is a participant in the Plan. He is a former employee of Ahold USA, Inc., at a Stop & Shop supermarket. He was employed as a retail pharmacist immediately prior to becoming disabled.

5.  Defendant Aetna is a for-profit corporation with its principal place of business in Hartford, Connecticut. It transacts business in Connecticut. The policy number is GP-479215. Aetna is the Claims Administrator for LTD benefits. Aetna is responsible for rendering a final determination on benefit claims under the Plan.

6.  At all times relevant to the claims asserted in this Complaint, Aetna purported to act as an ERISA claims fiduciary with respect to participants in the plan, and specifically with respect to Schuman, within the meaning of ERISA.

7. Defendant Plan transacts business in Connecticut. It agreed with Ahold to pay covered claims for qualifying disabilities in accordance with contract provisions. It is established and maintained by Ahold USA Inc. The Plan is designed to pay LTD benefits. The stated purpose of the Plan is to help covered individuals avoid or minimize the financial burdens that may result from an extended illness, injury or disabling pregnancy –related condition.

8. The Plan Administrator is Administrative Committee of Ahold USA, Inc. At all times relevant to the claims asserted in this Complaint, the Plan Administrator purported to act as an ERISA claims fiduciary with respect to participants in the plan, and specifically with respect to Schuman, within the meaning of ERISA.

9. Schuman was a retail pharmacist and had no other relevant work experience at the time he became disabled. Schuman was on his feet all day.

10. Schuman was diagnosed with posterior tibial tendon dysfunction with Bilateral Collapsed Arches. His feet became progressively worse forcing him to wear Arizona Braces on both feet to struggle and cope with his duties at work. He had three major foot surgeries including a failed flat foot reconstruction in July 2011. His symptoms included pain, swelling, throbbing and numbness of the feet. By May 2013 he could no longer do his job. He had trouble walking and could not stand long enough to be a retail pharmacist. Schuman stopped working and applied for short term disability under the Plan. Defendants granted short term disability benefits until October 2013, when defendants paid him LTD, under the own occupation ("own occ") definition of disability.

11. The LTD Plan which was furnished to Schuman by defendants stated that the "own occ" definition would provide benefits for 24 months. Defendants then later retracted this promise and claimed that the "own occ" definition would only provide benefits for 12 months.

Defendants' statements, as to the length of the "own occ" benefits, were false and misleading.

12. Defendants paid Schuman LTD until October 2014, at which time defendants terminated payment of Schuman's LTD. Failure to pay "own occ" benefits for 24 months was harmful as to Schuman. Aetna agreed that Schuman was disabled under the "own occ" definition of disability.

Under the Plan, a covered person is entitled to monthly benefits for the first 24 months if:

You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and

Your earnings are 80% or less of your adjusted predisability earnings.

After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

"Reasonable occupation" is defined as:

This is any gainful activity:

For which you are, or may reasonably become, fitted by education, training, or experience; and

Which results in, or can be expected to result in, an income of more than 60% of your adjusted predisability earnings.

13. Schuman relied to his detriment on Aetna's representation that the "own occ" definition of disability was 24 months. He made college plans for his child based on the reasonable expectation that Aetna would honor its written agreement in the Plan that the "own occ" definition applied for 24 months.

14. At all relevant times, Schuman was disabled under both the "own occ" and "any occ" definitions in the Plan.

15. Schuman appealed the termination of his benefits on November 21, 2014. Aetna denied the appeal on January 16, 2015. Aetna informed Schuman that this was a final determination. Schuman has exhausted his administrative remedies.

16. Defendants failed to conduct a full and fair review of Schuman's claim or appeal, in violation of 29 U.S.C. §1133 and 29 C.F.R. §2560.503-1. Defendants are obligated to establish and maintain a reasonable claims procedure. Defendants did not do so. Defendants have repeatedly violated the ERISA claims regulations, as follows: Defendants did not furnish internal guidelines after written request. Defendants misrepresented Plan terms as regards the length of the "own occ" period. Defendants did not provide adequate notification of adverse benefit determinations. Defendants did not provide timely notification of denial. Defendants afforded improper deference to the initial adverse benefit determination. Defendants did not take into account all information submitted by Schuman.

17. The failure of defendants to provide LTD benefits to Schuman after October 2014 is a breach of their fiduciary duty as set forth by ERISA, 29 U.S.C. §1109 as there was no reasonable basis for the revocation of benefits. Defendants unreasonably claimed that Schuman could perform other occupations for which he was not qualified. Defendants' unquestioning reliance on its vocational consultant report, which contains material omissions regarding Schuman's qualifications for the jobs identified by the consultant, was unreasonable. Defendants' action in revoking benefits without considering whether Schuman possessed or could reasonably be expected to possess the skills necessary to compete for such jobs and attain the required wages within a reasonable period of time was wrongful, unreasonable and arbitrary. The decision to revoke benefits was wrongful, unreasonable, irrational, contrary to the evidence, contrary to the terms of the Plan and contrary to law.

18. Defendants were influenced by their financial conflict of interest when they made the decision to terminate Schuman's benefits.

19. Defendants' actions constitute an unlawful denial of benefits under ERISA. In accordance with 29 U.S.C. §1132, Schuman is entitled to be paid benefits under the Plan based upon his disabled status continuing into the present. Defendants have refused to provide Schuman with these disability benefits and are, therefore, in breach of the terms of the Plan and ERISA. Defendants misrepresented the length of the "own occ" benefits of the Plan, and therefore, Schuman is entitled to reformation of the terms of the Plan.

20. As a direct and proximate result of this unlawful denial of Plan benefits, Schuman has been harmed.

21. Under the standards applicable to ERISA, Schuman deserves to recover a "reasonable attorney's fee and costs of the action" herein, pursuant to ERISA, §502(g)(1), 29 U.S.C. §1132(g).

22. Defendants have the ability to satisfy the award.

23. Schuman's conduct of this action is in the interest of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all participants. Defendants have acted in bad faith in denying benefits under the Plan.

24. The award of attorney's fees against defendants will deter others acting under similar circumstances.

WHEREFORE the plaintiff prays for judgment against the defendants as follows:

1. Declare, adjudge, and decree that Schuman is entitled to ongoing Plan benefits as calculated under the terms of the Plan, pursuant to 29 U.S.C. §1132(a)(1)(B);

2. Award Schuman the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-judgment interest as may be allowed by law;

3. Order that defendants make restitution to Schuman in the amount of any losses sustained by him in consequence of the wrongful conduct alleged herein, together with pre-judgment interest;

4. Order appropriate equitable relief, including, but not limited to surcharge and reformation of the Plan to remedy false or misleading information pursuant to 29 U.S.C. § 1132(a)(3).

5. Estop and enjoin defendants' from denying benefits;

6. Award costs, interest and reasonable attorney's fees;

7. Award civil penalties against the Plan Administrator, pursuant to 29 U.S.C. §1132 (c)(1) and 29 C.F.R. §2575.502c-1.

8. Award such other relief as the Court deems just, reasonable or equitable.


The Plaintiff

By: /s/     Winona W. Zimberlin
Winona W. Zimberlin
2 Congress St.
Hartford, CT. 06114
Ct 05501
(860) 249-5291