UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFF SCHUMAN,<br>      Plaintiff,<br><br>v.<br><br>AETNA LIFE INS. CO., et al.,<br>      Defendants. | No. 3:15-cv-01006 (SRU) |

## RULING ON SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES

Jeff Schuman previously moved for attorneys' fees and costs under section 502(g)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(1), arguing that he was entitled to fees and costs because he obtained a remand order in his suit against Aetna Life Insurance Co. (as claims administrator), Ahold USA's Master Welfare Benefit Plan, and the Administrative Committee of Ahold USA (as plan administrator). On June 20, 2017, I issued an order granting attorneys' fees but sharply reducing the award to less than one-quarter of Schuman's requested amount. *See Schuman v. Aetna Life Ins. Co.*, 2017 WL 2662191 (D. Conn. June 20, 2017). Schuman now seeks an additional $9,173.75 in "fees for fees" to compensate him "for time spent . . . reviewing defendants' opposition [to the motion for attorneys' fees], reviewing Court orders, research[ing] and drafting the Reply brief, and drafting [his] motion for supplemental fees." *See* Suppl. Mot. Attorneys' Fees, Doc. No. 91, at 1.

The $38,627.50 I previously awarded "adequately—even generously"—"compensate[d] Schuman for his limited success on the merits." *See Schuman*, 2017 WL 2662191, at *10. Consistent with my "substantial discretion in fixing the amount of an [ERISA] fee award," *see Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990), I decline to award Schuman additional fees for the time spent preparing and litigating his inflated attorneys' fees application.

**I.      Standard of Review**

Section 1132(g)(1) of ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court has held that, under the language of the statute, "a fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010). Instead, a claimant need only "show 'some degree of success on the merits' before a court may award attorney's fees under [section] 1132(g)(1)." *Id.* at 255 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). "[S]ome degree of success on the merits" demands more than "'trivial success on the merits' or a 'purely procedural victor[y].'" *Id.* (quoting *Ruckelshaus*, 463 U.S. at 688 n.9). The court must be able to "fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Id.* (quoting *Ruckelshaus*, 463 U.S. at 688 n.9) (other internal quotation marks omitted).

"[W]hether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion," but the court *may* also look to the factors set forth in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987). *See Donachie v. Liberty Life Assurance Co. of Bos.*, 745 F.3d 41, 46 (2d Cir. 2014). Under *Chambless*, in determining whether to award attorneys' fees, the court may consider:

(1) the degree of opposing parties' culpability or bad faith;

(2) [the] ability of opposing parties to satisfy an award of attorneys' fees;

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

*Donachie*, 745 F.3d 41, 46 (2d Cir. 2014) (quoting *Hardt*, 560 U.S. at 249 n.1; citing *Chambless*, 815 F.2d at 871 (same factors, but with order of fourth and fifth factors reversed)). Because "Congress intended the fee provisions of ERISA to encourage beneficiaries to enforce their statutory rights," those provisions "must be liberally construed to protect the statutory purpose." *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009) (internal quotation marks omitted). In particular, "granting a prevailing plaintiff's request for fees is appropriate absent 'some particular justification for not doing so.'" *Donachie*, 745 F.3d at 47 (quoting *Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 523 (2d Cir. 1983)).

**II.   Background**

The background of this case is set forth at length in *Schuman v. Aetna Life Insurance Co.*, 2017 WL 1053853, at *2–*9 (D. Conn. Mar. 20, 2017). After I remanded Schuman's long-term disability claim to the claims administrator, Schuman moved for attorneys' fees and costs in the amount of approximately $167,000, arguing that had obtained "some degree of success on the merits" as required to recover attorneys' fees under ERISA. *See Schuman*, 2017 WL 2662191, at *3. The defendants opposed Schuman's motion, contending that Schuman "did not achieve any 'degree of success on the merits'" and that attorneys' fees should be denied or "substantially reduced" under the *Chambless* factors. *See id.*

On June 20, 2017, I issued a ruling in which I granted Schuman's motion for attorneys' fees because he "achieved 'some success on the merits.'" *Id.* at *5 (quoting *Hardt*, 560 U.S. at 256). I conclude, however, that Schuman should "recover attorneys' fees . . . in a smaller amount

3

than he ha[d] claimed," both because the rates charged by his attorneys were "excessive" and because "[m]any of the hours billed . . . were spent on unsuccessful claims." *Id.* at *7, *9. I reduced the Schuman's attorneys' hourly rates by 6.25 percent and 20 percent, respectively, and "permit[ted] [the] attorneys to recover fees for only one-quarter of their claimed hours." *Id.* at *10. I also "exercise[d] my discretion . . . to deny costs because Schuman [was] not a 'prevailing party,'" and "[t]he attorneys' fees award sufficiently compensate[d] Schuman for his limited success on the merits." *Id.* In total, I awarded Schuman $38,627.50 in attorneys' fees. *Id.*

On July 3, 2017, Schuman filed a supplemental motion for attorneys' fees in the amount of $9,173.75. *See* Suppl. Mot. Attorneys' Fees, Doc. No. 91, at 1. Schuman claims that the fees account for "time spent on this case . . . after the April 18, 2017 fee application," including work "reviewing defendants' opposition [to the motion for attorneys' fees], reviewing Court orders, research[ing] and drafting the Reply brief, and drafting this motion for supplemental fees." *See id.* The defendants filed an opposition to Schuman's motion three weeks, arguing that Schuman "seeks payment for 'failure-on-failure'" and should not be compensated again for his "largely unsuccessful application for fees." Mem. Opp'n Suppl. Mot. Attorneys' Fees, Doc. No. 93, at 1.

**III.    Discussion**

"[A]ttorneys' fees for the preparation of the fee application are compensable," *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) (citing *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd on other grounds*, 448 U.S. 122 (1980)), and the Second Circuit has indicated that, "unless there are reasons to the contrary, motion costs should be granted whenever underlying costs are allowed." *Valley Disposal v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1060 (2d Cir. 1995). Nevertheless, "[t]he district court has broad authority to depart from th[at] basic assumption." *Valley Disposal*, 71 F.3d at 1060. Should "the fee claims [be]

exorbitant or the time devoted to presenting them . . . unnecessarily high, the judge may refuse further compensation or grant it sparingly." *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd on other grounds*, 448 U.S. 122, (1980); *see Jean*, 496 U.S. at 163 (allowing "[e]xorbitant, unfounded, or procedurally defective fee applications" to be "discount[ed]"). Moreover, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Jean*, 496 U.S. at 163 n.10. For example, "if [a party]'s challenge to a requested rate . . . resulted in the court's recalculating and reducing the award . . . from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate." *Id.*

I already determined that Schuman "achieved 'some degree of success on the merits,'" *Schuman*, 2017 WL 2662191, at *7 (quoting *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011)), which means that he has crossed the "one-time threshold for fee eligibility." *See Jean*, 496 U.S. at 160. But even though Schuman has demonstrated his "eligibility" for a fee award, "I am not required to award Schuman fees merely because he is 'eligible.'" *See Schuman*, 2017 WL 2662191, at *5 (noting that ERISA provides that "the court in its discretion *may* allow a reasonable attorney's fee and costs of action" (quoting 29 U.S.C. § 1132(g)(1)) (emphasis in *Schuman*)). Here, because Schuman's "fee claims [were] exorbitant" and "the time devoted to presenting them [was] unnecessarily high," I "exercise [my] discretion . . . [to] refuse further compensation" for Schuman's reply memorandum. *See Gagne*, 594 F.2d at 344.

In his present motion, Schuman seeks an additional $9,000 in attorneys' fees for 26.05 hours spent "reviewing defendants' memorandum, reviewing the Court's rulings and in researching, and drafting, the Reply." *See* Mem. Supp. Suppl. Mot. Attorneys' Fees, Doc. No. 91-1, at 1. That work apparently consisted of reading the defendants' 14-page opposition brief and then drafting Schuman's 10-page reply. *See* Mem. Opp'n Mot. Attorneys' Fees, Doc. No.

88; Reply Mem. Supp. Mot. Attorneys' Fees, Doc. No. 89. As an initial matter, 26 hours to read and prepare a short reply to the defendants' opposition strikes me as "unnecessarily high." *See Dagostino v. Computer Credit*, 238 F. Supp. 3d 404, 418 (E.D.N.Y. 2017) (concluding that "plaintiff's request of fifteen hours for work performed in connection with the reply brief [was] unnecessarily high"). "Requesting attorneys' fees is basically a clerical task, which, when feebly resisted, can be done cheaply and quickly." *See Nw. Nat'l Life Ins. Co. of Milwaukee v. Lutz*, 933 F. Supp. 730, 733 (C.D. Ill. 1996). Although Schuman was entitled to reply to the defendants' opposition, his short memorandum —which "contain[ed] little more than the facts and a recitation of some black-letter law regarding attorney[s'] fee requests"—"should not have consumed [26] hours" of his attorneys time. *See id.* at 735; *cf. id.* at 733 (60.7 hours for "printing out billing statements, preparing a few boilerplate affidavits regarding counsels' professional qualifications, and filing a few short memoranda" was "not reasonable").

Furthermore, even were the hours reasonable, much of the time incurred by Schuman's attorneys "was spent on attempts to justify excessive and unreasonable fees and expenses . . . that never should have been submitted to the court at all." *See Eli Lilly & Co. v. Zenith Goldline Pharm.*, 264 F. Supp. 2d 753, 783–84 (S.D. Ind. 2003). In making their "exorbitant" $167,000 request, *see Gagne*, 594 F.2d at 344, Schuman's attorneys not only attempted to charge excessive rates, but also relied on hours that "clearly were spent on unsuccessful claims." *See Schuman*, 2017 WL 2662191, at *9. After "apply[ing] an across-the-board reduction . . . to account for Schuman's partial victory," I ultimately allowed Schuman "to recover fees for only one-quarter of the[] claimed hours"—and I considered even that reduced amount "generous[]." *Id.* at *9–*10 (internal quotation marks omitted). Because Schuman substantially "fail[ed] to prevail" in his

motion for attorneys' fees,[1] he "should not receive fees for the time spent defending the higher rate" and excessive hours. *See Jean*, 496 U.S. at 163 n.10. In short, "given that the hours expended on [and claimed in] the initial fee application were excessive, . . . no additional award is warranted for the fees or costs in connection with the reply." *See Barbu v. Life Ins. Co. of N. Am.*, 2015 WL 778325, at *6 n.3 (E.D.N.Y. Feb. 24, 2015); *accord Zenith Goldline Pharm.*, 264 F. Supp. 2d at 784 ("[T]he court has the discretion, and exercises it here, to deny entirely any fees incurred in preparing the extravagant fee and cost petition.").

Schuman's counsel already "showed questionable judgment in asking for [$167,000] in fees when he had prevailed on"—at most—"only one of his claims." *See Muscare v. Quinn*, 680 F.2d 42, 45 (7th Cir. 1982); *see Schuman*, 2017 WL 2662191, at *10 (observing that "Schuman was (partially) successful only on his claim for benefits under the 'reasonable occupation' theory"). The $38,627.50 in fees I already awarded "handsomely compensate[d]" Schuman for his "limited success on the merits." *See Lutz*, 933 F. Supp. at 735; *Schuman*, 2017 WL 2662191, at *10. I conclude that any additional fees would award Schuman a "windfall[]" and "unjustifiably punish" the defendants. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987) ("[O]vercompensation would not be consistent with the need to prevent windfalls."); *Lutz*, 933 F. Supp. at 735. Therefore, I exercise my "discretion to deny [Schuman]'s second fee request in its entirety." *See Muscare*, 680 F.2d at 45 (citing *Gagne*, 594 F.2d at 344).

---

[1] Of course, "a fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under [29 U.S.C.] § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010). Even in ERISA cases, though, *Hensley v. Eckerhart*, 461 U.S. 424 (1983), still "requires the district court to consider the relationship between the amount of the fee awarded and the results obtained." *Comm'r, INS v. Jean*, 496 U.S. 154, 163 n.10 (1990); *see Scarangella v. Grp. Health*, 731 F.3d 146, 156 n.14 (2d Cir. 2013) (noting, in an ERISA case after *Hardt*, that Second Circuit "case law allows reductions in attorney's fees based on partial success" (citing *Hensley*, 461 U.S. at 435 n.11)); *Gross v. Sun Life Assur. Co. of Can.*, 763 F.3d 73, 86 (1st Cir. 2014) (indicating *Hensley* factors remain applicable to ERISA cases after *Hart*).

7

## IV. Conclusion

For the reasons stated, I deny Schuman's supplemental motion for attorneys' fees.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of October 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
